The State of Ohio v. Columbus Kirby Co.

[Cite as State v. Columbus Kirby Co. (1974), 37 Ohio Misc. 106.]

(No. 73 CR-10-1456—Decided January 21, 1974.)

Court of Common Pleas of Franklin County, Criminal Division.

*Mr. Frank A. Ray,* assistant prosecuting attorney, for plaintiff.
*Mr. Richard D. Rogovin,* for defendant.

Martin, J. This case was tried to the court on the briefs of counsel, exhibits and the following stipulated facts:
1. On May 12, 1973, defendant's salesman, William Carpenter, sold a Kirby vacuum cleaner to Janice J. Fernandez, residing at 303 East Haven Court South, Columbus, Ohio 43227, by written contract, which sale is admitted to come within the definition of "home solicitation sale" under R. C. Section 1345.21 (A), and which defendant is admitted to come within the definition of "Seller" under R. C. Section 1345.21 (C). A copy of the contract, admitted into evidence

as "State's Exhibit No. 1," was left with Mrs. Fernandez by Mr. Carpenter.

2. On May 16, 1973, Mrs. Fernandez personally returned State's Exhibit No. 1 by hand delivery to the office of defendant. At the bottom Mrs. Fernandez had written her intention to cancel the contract.

3. On May 16, 1973, after Mrs. Fernandez's visit to the defendant's office, Mr. Carpenter returned to her home and offered her a $15.00 cash allowance or sales refund to keep the vacuum cleaner and perform the contract previously executed. Mrs. Fernandez accepted.

4. On May 17, 1973, Mr. Carpenter returned State's Exhibit No. 1 to Mrs. Fernandez's home together with a check made payable to "Janice Fernandez" in the amount of $15.00, admitted into evidence as "State's Exhibit No. 2." State's Exhibit No. 1, contained the only notice of her intention to cancel given by Mrs. Fernandez to Defendant.

The key issue for the court to determine is whether the cancellation notice of a home solicitation sale contract must be mailed, as opposed to hand delivered, to be effective as a cancellation under R. C. Section 1345.22.

R. C. Section 1345.22 provides in part, "* * * Cancellation is evidenced by the buyer *giving* written notice of cancellation to the seller at the address stated in the agreement or offer to purchase." (Emphasis added.) The phrase "giving written notice" obviously requires a writing but is ambiguous as to the means of delivery as notice is given by hand delivery and by mail in a multitude of legal contexts. We must look elsewhere in the statutes for evidence of the General Assembly's intention. The sentence "Written notice of cancellation shall be effective upon postmarking * * *" in R. C. Section 1345.22, without a comparable sentence stating the time of effect for a hand delivered cancellation, points toward a legislative intent that mail be the only means of cancellation. R. C. Section 1345.23(C) provides, "Until the seller has complied with this section the buyer *may* cancel the home solicitation sale by notifying the seller by certified mail of his intention to cancel." (Emphasis added.) The prosecutor points to the permissive word "may"

in this sentence as indicating the permissive use of mailed notice and implying the propriety of other means of delivering notice. The correct reading, however, is that the word "may" refers to the freedom of the buyer to cancel if he so desires, and the only means listed for carrying out the buyer's wish is "by notifying the seller by certified mail of his intention to cancel."

R. C. Section 1345.23(B), which requires the contract to alert the buyer to his right to cancel with a printed warning, tells the buyer that he "may cancel this agreement or purchase by mailing a written notice to the seller." This language is clear, unambiguous and written for the laymen. Certainly, this shows the General Assembly's intent.

With this reading, R. C. Section 1345.24 (the section that defendant is charged with violating), which provides "In a home solicitation sale, the seller shall record the postmark of any cancellation made pursuant to Section 1345.22 of the Revised Code and shall retain both the notice of cancellation and the postmarked envelope in which it was sent for the period in which an action to enforce the sale could be commenced * * *," adds further proof to the conclusion that the General Assembly intended that certified mail be the only legally effective means of cancelling a home solicitation sales contract under Chapter 1345 of the Revised Code.

As the hand delivered cancellation notice was ineffective under R. C. Chapter 1345, the delivery of State's Exhibit No. 1, a copy of defendant's contract with Mrs. Fernandez written notice of intention to cancel on it, was not a "cancellation made pursuant to Section 1345.22 of the Revised Code" and defendant-seller was under no duty to retain the evidence of cancellation. Therefore, the court finds the defendant Not Guilty.